Willie BLEVINS *v.* Larry NORRIS, Warden, Maximum Security Unit

86-16                                                          719 S.W.2d 684

Supreme Court of Arkansas
Opinion delivered November 3, 1986

---

Appellant, pro se.

*Steve Clark*, Att'y Gen., by: *Mary Beth Sudduth*, Asst. Att'y Gen., for appellee.

PER CURIAM. Appellant's pro se motion to file a handwritten brief is denied.

PURTLE and DUDLEY, JJ., would grant.

JOHN I. PURTLE, Justice, dissenting. On September 15, 1986, we granted appellant permission to file a belated brief and proceed in forma pauperis. His brief was due to be filed on October 25, 1986. He filed a motion on October 8, 1986, requesting to be allowed to file a handwritten brief. The motion makes it clear that he is an inmate confined in the maximum security unit of the Arkansas Department of Correction. He further states that the Department of Correction rules prohibit him from having a typewriter or using any alternate means of having legal pleadings typed.

The appellant's motion to file a handwritten brief is this date being denied by this Court without an opinion. The practical effect of the Court's action today is to make our decision granting him a belated appeal utterly meaningless.

The denial of the motion is compounded by our recent Per Curiam in *Glick* v. *Lockhart*, 288 Ark. 417, 706 S.W.2d 178 (1986). There we stated:

> The same general criteria apply to civil suits in which the appellant contends that he cannot submit a conforming brief without access to a typewriter. That is, in those cases where a pro se appellant submits a motion for permission to file a handwritten brief in which he makes a substantial showing that his suit has merit and that he is unable to submit a typed brief, we will accept a legible handwritten brief.

Glick had the same problem as Blevins has. We gave Glick thirty days to file a typed brief or submit a motion for permission to file a handwritten brief. The facts are the same in both cases, only the cell number has changed. When people are confined to a correctional institution they do not lose the constitutional rights to due process and equal protection of the law.

We should grant Blevins' motion to file a handwritten brief or, in the alternative, require someone to type his brief. We could, of course, adopt the drastic means of appointing an attorney, thereby fulfilling the requirements of the Sixth Amendment to the Constitution of the United States.